**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 22-22-DLB**

**ANTHONY GENO MARTINSON**                                      **PLAINTIFF**

**v.**                   **MEMORANDUM OPINION AND ORDER**

**CINCINNATI AIRPORT POLICE**                                    **DEFENDANT**

*** *** *** ***

Plaintiff Anthony Martinson is a pretrial detainee currently confined at the Liberty County Jail in Hinesville, Georgia. Martinson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial review required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his Complaint, Martinson alleges that in April 2019 the defendant, an unnamed detective working for the "Cincinnati Airport Police," called him on the telephone "about an alleged crime." Martinson states that the officer did not tell him that the call was being recorded, did not read him his rights, and did not tell him that his statements could be used against him. Martinson states that his statements were "the single piece of evidence to indict me for the charge alleged." Martinson provides no particulars about the criminal charges to which he refers. Martinson seeks damages, termination of the officer's employment, and destruction of the evidence obtained from the phone call. (Doc. # 1 at 4-5).

1

This case represents the fourth action that Martinson has filed in this Court, in less than a month, challenging the ongoing criminal proceedings against him in the Circuit Court of Boone County, Kentucky. *See, e.g.*, *Martinson v. Schrand*, No. 22-6-DLB (E.D. Ky. 2022).  In the state case, Martinson was charged with theft of services exceeding $10,000.00 in value in June 2019.  Specifically, Martinson is alleged to have booked and used private jets and limousines without paying for the services provided.  The matter is set for trial in April 2022.  *Commonwealth v. Martinson*, No. 19-CR-485 (Boone Cir. Ct. 2019).[1]

Martinson's complaint must be dismissed for at least two reasons.  First, Martinson's claim directly relates to ongoing state criminal proceedings against him. Indeed, he seeks "destruction" of "the single piece of evidence to indict me for the charge alleged." (Doc. # 1).  Absent truly extraordinary circumstances, a federal court should not exercise jurisdiction over a civil matter if doing so would interfere in any fashion with an ongoing criminal prosecution in state court.  *Younger v. Harris*, 401 U.S. 37, 44 (1971). If the state judicial proceeding implicates important state interests (here, Kentucky's enforcement of its criminal laws), abstention is generally warranted so long as the state court will afford the criminal defendant an adequate opportunity to raise constitutional challenges to his prosecution.  *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=008&court=1&division=CI&caseNumber=19-CR-00485&caseTypeCode=CR&client_id=0 (visited on February 25, 2022). The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

While Martinson alleges that the evidence was improperly obtained and that he was not given the warnings described in *Miranda v. Arizona*, 384 U.S. 436 (1966), there is no indication that the courts of Kentucky are incapable of or unwilling to fairly and fully adjudicate his claims under the Constitution. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Because the circumstances present here satisfy all of the requirements for abstention under *Younger*, the Court will dismiss the case without prejudice at this juncture without reaching jurisdictional or substantive questions. *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)); *see also Mayes v. Rozalski*, No. 5:20-88-HRW (E.D. Ky. Mar. 13, 2020), *aff'd*, No. 20-5364 (6th Cir. Oct. 9, 2020).

Dismissal of Martinson's complaint is also warranted on a second ground: his commencement of another case in this Court – filed only days before he filed this one - asserting the exact same claim against the exact same defendant. *See Martinson v. Kentucky*, No. 2: 22-CV-20-REW (E.D. Ky. 2022) (Doc. # 1 therein). That matter remains pending. But the Supreme Court has long directed the lower federal courts to avoid duplicative litigation where possible. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Under the "first-to-file" rule, "... when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (cleaned up); *see also Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Because Martinson's claim is already pending in the first suit, the Court will follow "the rule of thumb that the entire action should be decided by the court in which an action was

3

first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *see also Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F. 3d 535, 551 (6th Cir. 2007).

Accordingly, **IT IS ORDERED** that:

(1) Martinson's complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(2) Martinson's motion to proceed *in forma pauperis* (Doc. # 2) is **DENIED AS MOOT**; and

(3) This matter is **STRICKEN** from the docket.

This 25th day of February, 2022.

Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\PSO ORDERS\2-22-22 MOO.DOCX